UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT L. MCCLENDON**                              **CIVIL ACTION**

**VERSUS**                                           **NUMBER 07-567-FJP-DLD**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security**

## MAGISTRATE JUDGE'S REPORT

Claimant Robert L. McClendon brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. 405(g), seeking judicial review of a final decision of the Commissioner denying his claim for disability insurance benefits. Claimant specifically argues that his severe impairment of lumbar disc disease and the associated pain and work restrictions entitle him to social security disability. The claimant states that the ALJ gave no credibility to his complaints of pain when he determined that claimant could perform light work. The claimant seeks a reversal of the Commissioner's decision, or a remand for a new decision, taking into account claimant's pain and disability.

*Background*

Claimant filed his application for DIB on May 1, 2006, alleging an onset of disability as of April 1, 2006, due to severe pain caused by lumbar disc disease. The claim was denied initially on June 22, 2006. Following claimant's timely request, a hearing was held on March 28, 2007. On April 17, 2007, subsequent to the hearing, the ALJ concluded that the claimant was not disabled. On July 17, 2007, the Appeals Council denied claimant's request for review, thereby rendering the ALJ's unfavorable decision the final decision of

the Commissioner. (TR 4-7) Claimant then brought this timely appeal pursuant to 42 U.S.C. § 405(g).

Following the hearing the ALJ issued his unfavorable decision on April 17, 2007. In denying plaintiff's claim, the ALJ reached the fifth and final step of the five-step sequential analysis set forth in 20 C.F.R. §§ 404.1520, 416.920.[1] The ALJ determined that the 52-year old claimant had lumbar disc disease, and that this severe impairment prevented him from performing his past relevant work as a truck driver.[2] The ALJ further determined that the claimant nonetheless had the residual functional capacity to perform "light work with no climbing of ladders, ropes and scaffolds, and occasional balancing, stooping, kneeling, crouching and crawling." (TR 16) The ALJ determined that the claimant could work as a courier, security guard, or cashier, and further determined that such jobs existed in significant numbers in the regional economy.

In reaching this decision, the ALJ considered the medical evidence, the testimony of the claimant, and the VE testimony. Pursuant to SSR 00-04p, he found that the VE testimony was consistent with the information contained within the Dictionary of Occupational Titles ("DOT"). (TR 19). After considering the evidence, the ALJ found that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible. As examples, the

---

[1] *See also, Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995), wherein the Fifth Circuit explained that "the five-step analysis requires the Commissioner to consider: 1) whether the claimant is presently engaging in substantial gainful activity, 2) whether the claimant has a severe impairment, 3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the regulations, 4) whether the impairment prevents the claimant from doing past relevant work, and 5) whether the impairment prevents the claimant from performing any other substantial gainful activity." The five-step inquiry terminates if the ALJ finds at any step that the claimant is or is not disabled. *Id. See, e.g., Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[2] According to the vocational expert, truck driving is a job performed at the medium semi-skilled level.

ALJ cited to claimant's driving 150 miles roundtrip to see a doctor for injections which the claimant testified did not help him, and the neurosurgeon's notation that the claimant was resistant to physical therapy until he was told he could be off work during the continuation of the diagnostic work-up.  The ALJ further opined that while the claimant testified at the hearing that he could not "concentrate or focus" on the questions, he nevertheless had no trouble answering the questions without hesitation.  (TR 18).

Thereafter, following consideration of the testimony of a vocational expert, and relying on the medical-vocational guidelines as a framework for decision, the Commissioner thereupon determined that plaintiff was not disabled within the meaning of the Social Security Act.

### *The Governing Standard*

In reviewing the Commissioner's decision to deny disability benefits, the Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the proper legal standards.  E.g., *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988); *Greenspan v. Shalala* 38 F.3d 232, 236 (th Cir. 1994); 42 U.S.C. § 405(g), 1838(C)(3).  In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not reweigh the evidence in the record, nor try the issues de novo, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision.  *Greenspan*, at 236.  Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Leggett. v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)  A finding of "no substantial evidence" will be made only

where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position. *Johnson v. Bowen*, 865 F.2d 340, 343-344 (5th Cir. 1988). The Commissioner's determination that a claimant is not disabled because he can perform available jobs must be affirmed unless that determination is either not supported by the substantial evidence or involved an erroneous application of legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

To be entitled to social security benefits, a claimant must prove that he is disabled as defined by the Social Security Act. *Leggett*, at 563-64; *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The overall burden of proving disability under the Social Security Act rests on the claimant. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). If a claimant proves that he no longer is able to work in his prior job, then the burden shifts to the Commissioner to show that there is some other type of substantial gainful activity that the claimant can perform. *Id.* Thus, in cases such as this one where the Commissioner determines that the claimant cannot perform his past relevant work and accordingly reaches the fifth step of the five-step disability sequential analysis, the Commissioner bears the burden of establishing that there is other work in the economy that the claimant can perform. This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). *Perez v. Schweiker*, 653 F.2d 997, 999-1000 (5th Cir. 1981). If the Commissioner adequately points to potential alternative employment, the ultimate burden of persuasion then returns to the claimant to prove his inability to perform those jobs. *Kraemer v. Sullivan*, 885 F.2d 206 (5th Cir. 1989); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980).

***The Parties' Arguments***

The claimant argues that the ALJ's decision of April 17, 2007, is unsupported by substantial evidence and the Commissioner failed to apply the correct legal standards. The claimant states that the ALJ gave no credibility to his complaints of pain when he determined that claimant could perform light work. In his brief, the claimant gave examples of his pain, arguing that on March 2, 2007, he could not pass the straight leg raising test and simulated axial loading tests; that his forward flexion was guarded; and he had left leg numbness. (Rec. doc. 9-6). Claimant further argues that the epidural steroid injection he received on March 2, 2007, for his injured back was a "painful" experience, and that only a person in extreme pain would undergo this procedure on "numerous occasions." (Rec. doc. 9-8).

The Commissioner counters that the ALJ properly considered all relevant evidence, and no physician indicated that the claimant was totally unable to perform under the residual functioning capacity identified by the ALJ or that the claimant was incapable of all work for twelve consecutive months. The Commissioner contends that the objective medical evidence supports the ALJ's decision.

***Analysis***

Allegations of pain must be corroborated by objective medical evidence. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991); *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). In judging a claimant's credibility, the ALJ can consider such things as medical reports, the claimant's daily activities, and the medications the claimant is taking. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). "The ALJ must weight the objective medical evidence and assign articulated reasons for discrediting the claimant's subjective complaints." *Pineda v. Astrue*, Slip Copy, 2008 WL 3341022 (C.A. 5. (Tex.)); *Falco v.*

*Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).  Also, in the absence of uncontroverted medical evidence which shows a basis for a claimant's pain, the ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *James v. Bowen*, 793 F.2d 702, 706 (5th Cir.1986).

In this case, the ALJ acknowledged the claimant's subjective allegations of pain, and then thoroughly examined those allegations in light of the objective medical evidence, the claimant's activities, the medical reports, and the medications taken by the claimant.  In his decision, the ALJ acknowledged that the claimant testified that he experienced pain all day, and that the pain was a 9 on a scale of 10. (TR 17).  He observed, however,  that the claimant's back problems had been ongoing since 1995, but that he nevertheless had managed to work as a truck driver despite these problems.  (TR 15). The ALJ further noted that there was "little and inconsistent objective evidence" to support claimant's subjective complaints.  As examples, the ALJ cited to an MRI showing diffuse multilevel disc degeneration, but no significant neural foraminal compromise, a myelogram showing a defect on the right side, but which did not explain claimant's symptoms of left side sciatica, a normal EMG, and flexion/extension views of the lumbar spine which indicated no evidence of instability.  (TR 17).  Moreover, two physicians were at a loss to explain claimant's symptoms of pain.   Dr. Soleau noted in May 2006 that he offered physical therapy to the claimant in order to improve his functioning, but the claimant was resistant to the idea, until Dr. Soleau linked it to the idea of the claimant's being off work, at which point the claimant agreed to physical therapy.  The ALJ also noted that the claimant recently began treating with another physician, and the claimant drove 150 miles roundtrip to see this physician, but testified that the injections he received from this doctor did not really help.

In summary, the ALJ's decision reflects that he considered the medical evidence, the claimant's daily activities, and the medications the claimant was taking; and he assigned articulated reasons for discounting claimant's credibility.  The record as a whole supports the ALJ's evaluation of the intensity and persistence of the claimant's alleged symptoms, thus substantial evidence supports his decision to give limited weight to the claimant's subjective complaints of constant pain, all of which supports the ALJ's conclusion that the claimant's impairments did not prevent him from performing light work existing in significant numbers in the regional economy.

## RECOMMENDATION

Accordingly, it is the recommendation of the Magistrate Judge that the claimants motion for summary judgment be **DENIED**, that the decision of the Commissioner denying disability insurance benefits be **AFFIRMED**, and that the claimant's complaint be **DISMISSED.**

Signed in Baton Rouge, Louisiana, on September 18, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT L. MCCLENDON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-567-FJP-DLD** |
| **MICHAEL J. ASTRUE, Commissioner of Social Security** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 18, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**